MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Julie Harding

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIE HARDING, ) | CIVIL NO. _____ |
| ) | |
| Plaintiff, ) | COMPLAINT; JURY |
| ) | DEMAND; SUMMONS |
| vs. ) | |
| ) | |
| HOPE SERVICES HAWAII, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW, Plaintiff JULIE HARDING, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff JULIE HARDING (hereinafter "HARDING") was at all times mentioned herein a resident of Pahoa, Hawaii.

2. Defendant HOPE SERVICES HAWAII, INC. (hereinafter "HOPE SERVICES") is a domestic nonprofit corporation incorporated in the State of Hawaii.

3. Plaintiff was hired by Defendant HOPE SERVICES in May 2019, and was employed as a Case Manager.

4. On March 12, 2020, Plaintiff was terminated from employment with Defendant HOPE SERVICES for discriminatory reasons based on her disability and her age (65), and in retaliation for complaining about discrimination in that she was not accommodated for an injury to her right knee suffered at work.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on March 24, 2022. The dismissal was for a Charge of Discrimination filed alleging age and disability discrimination, and retaliation for complaining about a failure to accommodate a work injury to her right knee.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant HOPE SERVICES in May 2019, and was employed as a Case Manager.

8. Plaintiff during her employment with Defendant HOPE SERVICES, Plaintiff was subjected to discriminatory statements based on her age by co-workers and her supervisor.

9. Plaintiff's co-workers made comments about Plaintiff being 65 years old, and asked if she could do the job, which required walking and lifting.

10. Plaintiff's Supervisor told Plaintiff that she thought Plaintiff could not handle the workload.

11. On January 28, 2020, Plaintiff injured her right knee while at work and experienced soreness in her right knee. Plaintiff saw the doctor, who placed Plaintiff on restrictions concerning physical activities at work. The doctor limited Plaintiff's lifting to 25 pounds for the period January 29, 2020 to January 29, 2021.

12. On February 24, 2020, Plaintiff provided a doctor's note to Defendant HOPE SERVICES, and requested to be accommodated by limiting driving requirements and limiting lifting and carrying heavy items. Adequate accommodations for Plaintiff's disability were not allowed.

13. Defendant HOPE SERVICES did not initiate a claim for workers' compensation benefits for Plaintiff's work injury despite Plaintiff's report of the work injury.

14. On March 12, 2020, Plaintiff was terminated from employment with Defendant HOPE SERVICES, and was notified that her private medical insurance with Kaiser was being cancelled.

15. Plaintiff had to file a claim for workers' compensation benefits with the Hawaii Department of Labor which was accepted and is still being processed.

16. Prior to the termination Plaintiff was a dedicated employee with Defendant who had performed her job duties satisfactorily with no disciplinary actions.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

17. Plaintiff incorporates paragraphs 1 through 15 as though fully set forth herein.

18. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, to provide a reasonable accommodation to a person with a disability and retaliation for complaining about discrimination.

19. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

20. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

21. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

22. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II - AGE

23. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

24. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age and based on retaliation for complaining of the discrimination.

25. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

26. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

27. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

28. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

29. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to Plaintiff's position with Defendant HOPE SERVICES with all benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For damages for intentional infliction of emotional distress; and

E. For punitive damages; and

F. For attorney's fees, costs, and interest, including prejudgment interest; and

G. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, June 22, 2022.

        /s/ Charles H. Brower
        CHARLES H. BROWER
        MICHAEL P. HEALY
        Attorneys for Plaintiff
        Julie Harding